[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR A FINDING
Pursuant to General Statutes Sec. 52-226a, defendant has filed a written motion requesting the court to make a special finding that the civil action brought by the plaintiff was without merit and was not brought in good faith. CT Page 8492
Sec. 52-226a provides: "In any civil action tried to a jury, after the return of a verdict and before judgment has been rendered thereon . . . ., the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action . . . . was without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to subsection (a) of section 52-568."
On June 4, 1992, the jury returned a verdict in favor of the defendant which was accepted and ordered recorded by the court.
Under the provisions of section 52-226a, the moving party must prove (1) that the action was without merit, and (2) that the action was brought in good faith.
The fact that the jury unanimously decided in favor of the defendant is evidence that the action was without merit.
Whether the action was not brought in good faith is more difficult of proof. The defendant directed the major part of his argument to the third count of the complaint sounding in intentional tort. The phrase "good faith" can be interpreted in several ways depending on the type of law suit brought. However, "in common usage, it has a well defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking means being faithful to one's duty or obligation." (Citations omitted) Snyder v. Reshenk, 131 Conn. 252,257 (1944).
Using this definition, this court can not, from the evidence educed at the trial and from the pleadings, find that the defendant or her attorney had a state of mind indicating a dishonest purpose, intended to defraud the defendant or was unfaithful to their duty or obligation.
Therefore, the defendant's motion for a finding is overruled.
This decision does not preclude the defendant from CT Page 8493 bringing a vexations suit action against the plaintiff either under section 52-568 (a) or at common law.
Although the ruling of the court is dispositive of defendant's motion, the question arises as to whether the motion was timely filed. The Statute sets such a limited time for this motion for a finding to be brought in a jury case that it is almost impossible for a party to file within the time constraints of the Statute.
Harold M. Missal State Trial Referee